MORRIS & COMPANY, PLAINTIFFS AND APPELLEES, *v.* JOSÉ GONZÁLEZ CLEMENTE & CO., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Mayagüez in an Action for Specific Performance.

No. 2950.—Decided May 22, 1924.

ARBITRATION—CHAMBER OF COMMERCE—PLEADING—SPECIFIC PERFORMANCE.—*Held:*
That if the action is considered as one for the specific performance of the arbitral decision of a chamber of commerce rendered against the defendant, the complaint does not allege sufficient facts because there is no law in Porto Rico authorizing such an action; and if it is considered as an action for the specific performance of a mercantile contract, it should have been alleged in the complaint that the articles bought by the defendants and for which they refused to pay had been deposited and were at their disposal, in accordance with section 332 of the Code of Commerce.

The facts are stated in the opinion.

*Messrs. Benet & Souffront* for the appellants.

*Messrs. J. Sabater* and *S. Suau* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

Morris & Company, a corporation organized under the laws of the state of Maine with its head office and domicile in Chicago, Illinois, engaged in the business of exporting meats and sausages, brought an action against José González Clemente & Co., a mercantile partnership engaged in the general grocery business and domiciled in Mayagüez, P. R., alleging that through its agents in this Island, J. Ochoa & Brother, it sold to the defendants on December 24, 1919, fifty barrels of pork at the price of $46 per barrel, to be shipped by the plaintiff in two successive lots of 25 barrels each in the first and second fortnights of February; that complying with the stipulations of the order of sale, the plaintiff dispatched from its packing house the said two shipments on February 6, 1920, and February 19, 1920, respectively, as agreed upon in the contract; that the said two shipments covering the fifty barrels of pork duly arrived at Mayagüez, the port of destination, by consignment and delivery to the said defendants by means of the bills of lading in their possession; that the defendants refused to accept the merchandise and to comply with the obligations of the contract, and then the plaintiff and the defendants agreed to submit the matter to the arbitration of the Chamber of Commerce of Porto Rico, Mayagüez Branch, an organization formed by the local merchants for settling and deciding business controversies among its members; that the said Chamber of Commerce, acting as arbitrator, made an award in May of 1920 in favor of the plaintiff, a part of which is copied into the complaint and wherein it is stated that the purchasers are considered to be under obligation to accept the shipments in controversy; that in accordance with the said award the defendants are bound to accept the said contract, because the vendors had complied with it in all of its parts, and also bound to pay

the price of the fifty barrels of pork, or $2,300, with inter-
est up to the time of payment; that the defendants re-
fused to abide by or comply with the just and equitable
award of the said Chamber of Commerce, wherefore the
plaintiff prayed the court to adjudge that the defendants
should comply with the award given against them by the
Chamber of Commerce of Porto Rico, Mayagüez Branch,
accept the contract referred to in the complaint and pay
to the plaintiff the sum of $2,300, the value of the fifty bar-
rels of pork, with interest and costs.

The defendants demurred to the complaint on the ground
that it did not state facts sufficient to constitute a cause of
action and the demurrer was overruled, whereupon they
answered with a general denial of the allegations of the
complaint, making other allegations in opposition and set-
ting up a counter-claim. After trial judgment was rendered
sustaining the complaint and from it the present appeal
was taken by the defendants, who assign as the first error
the overruling of their demurrer to the complaint.

It is stated under that ground of appeal that the only
purpose of the complaint is to make the award of the Cham-
ber of Commerce of Mayagüez binding by a judgment of
the court holding that the contract price should be paid,
and that even if the action were for the performance of a
contract of mercantile purchase and sale, the complaint
does not allege that the merchandise purchased was depos-
ited at the disposal of the purchasers.

In fact, the terms in which the complaint is drafted and
its title as an action for the specific performance of an ar-
bitral award produce the impression that its object is to
recover from the defendants the price of the pork to which
the complaint refers because the Chamber of Commerce
had decided that the purchasers were under the obligation
to accept the two shipments made under that contract. Con-
sidering the complaint from this angle, it does not state
facts sufficient to constitute a cause of action, for there is

no provision in our statutes for making effective the award of a chamber of commerce. In the case of *Parga & Frontera* v. *Royal Insurance Company,* 32 P.R.R. 73, we said that a policy-holder who rejects the award of the arbitrators may bring an action to recover the amount of the damage to the property insured; so, likewise, if the defendants in this case are not willing to comply voluntarily with the award of the Chamber of Commerce, the plaintiff can compel them to perform their contract only by bringing an action independently of the said award.

But if we construe the complaint liberally, as we should do in accordance with section 122 of the Code of Civil Procedure in order to mete out full justice to the parties, we may reach the conclusion that notwithstanding the fact that the mind of the plaintiff was fixed on making effective the said award, yet it made certain allegations in the complaint that may permit of considering the action as one for the performance of a mercantile contract of purchase and sale, for it says that the contract was entered into and that in performance thereof the plaintiff shipped within the time agreed upon the merchandise sold to the defendants and that it arrived at the port of Mayagüez by consignment and delivery to the defendants by means of the bills of lading in their possession. But having also alleged that the defendants refused to accept the merchandise, in order that the complaint so considered might contain all of the facts necessary to constitute a cause of action for compelling the defendants to perform the contract of purchase and sale and pay the price of the merchandise, it was necessary that the plaintiff allege that the merchandise purchased by the defendants had been deposited and was at their disposal, in accordance with article 332 of the Code of Commerce. As the complaint is framed the purchasers have not possession of the merchandise, because they refused to accept it, and they are sued for the price of it without an offer to deliver it and without its having been

deposited in their favor, for which reason judgment could not be recovered by the plaintiff on the allegations of the complaint, for the defendants can not be adjudged to pay for merchandise that is not in their possession because of their refusal to receive it and is not deposited at their disposal so that they may receive it in consideration of the price that they would have to pay for it.

For the foregoing reasons the trial court erred in not sustaining the demurrer to the complaint and the case should be remanded with leave to the plaintiff to amend the complaint within the time that may be allowed by the said court.

*Reversed and remanded.*

Chief Justice Del Toro and Justices Wolf, Hutchison and Franco Soto concurred.